UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:18 CR 692 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| DEVANTE GLENN, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Defendant Devante Glenn's ("Defendant" or "Glenn") Motion to Revoke Detention Order. (ECF No. 36). For the following reasons, the court denies the Motion.

## I.  BACKGROUND

On November 15, 2018, Defendant was indicted on two counts of distribution of carfentanil, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of using a communication facility to facilitate a drug offense, in violation of 21 U.S.C. § 843(b). (Indictment, ECF No. 1.) One of the distribution charges includes a sentencing specification for death resulting from the use of the carfentanil, which would carry a mandatory minimum sentence of 20 years of incarceration. (*Id.*) Magistrate Judge David Ruiz ("Magistrate Judge" or "Judge Ruiz") conducted a detention hearing on July 23, 2019, after which he ordered Defendant detained pending trial. (Order, ECF No. 20.) Given the nature of the charges, Judge Ruiz applied the statutorily mandated presumption in favor of detention. (*Id.* at PageID #58.) And after considering the evidence Defendant presented, Judge Ruiz found that Defendant failed to rebut the presumption. (*Id.*) Further, given the factors laid out

in 18 U.S.C. § 3142(g), Judge Ruiz found that no condition or combination of conditions of release could reasonably assure the safety of the community or Defendant's appearance at future proceedings. (*Id.* at PageID #58–59.)

On April 8, 2020, Defendant filed the instant Motion asking the court to revoke the Magistrate Judge's Detention Order as erroneous. (Mot. at PageID #234, ECF No. 36.) Defendant cites the "changed circumstances" caused by the ongoing COVID-19 public health crisis and seeks to reopen the detention hearing. (*Id.*) The United States filed a Response in Opposition (ECF No. 39) on April 29, 2020.

## II.  LAW AND ANALYSIS

### A.    18 U.S.C. § 3142(e)

Under 18 U.S.C. § 3142(e), pretrial detention is required if the court finds that no condition or combination of conditions of release will reasonably assure the safety of the community or that defendant will appear as required at future proceedings. While the government must show clear and convincing evidence that the defendant poses a risk to the community if released, it needs to show only a preponderance of evidence that defendant is a flight risk. *See* 18 U.S.C. §§ 3142(e)–(f); *see also, e.g.*, *United States v. Tortora*, 922 F.2d 880, 883–84 (1st Cir. 1990) (holding that government must prove by clear and convincing evidence that defendant poses a danger to community); *United States v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007) (holding that government must prove by preponderance of the evidence that defendant presents a flight risk); *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004) (same). A finding that the defendant is either a flight risk or a danger to the community supports a detention order; proof of both is not necessary. *See United States v. Ferranti*, 66 F.3d 540, 543–44 (2d Cir. 1995).

To determine whether any conditions exist that will reasonably assure the community's safety and the defendant's appearance at trial, courts consider the factors set forth in 18 U.S.C. § 3142(g). These factors include: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including their character, mental and physical condition, family and community ties, employment status, financial resources, criminal history, substance-abuse history, and probation or supervised release status; and (4) the nature and seriousness of the danger posed to the community by the defendant's potential release. 18 U.S.C. § 3142(g).

However, certain offenses carry a rebuttable presumption that the defendant is a flight risk and a danger to the community. As relevant here, the presumption attaches if there is probable cause to believe the defendant committed an offense under the Controlled Substances Act that carries a maximum term of imprisonment of ten years or more or certain firearms offenses. 18 U.S.C. § 3142(e)(3). To avoid detention, a defendant facing these charges must present evidence to rebut the presumption. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

Defendant argues that the Magistrate Judge erred by ordering pretrial detention and, pursuant 18 U.S.C. § 3145(b), asks this court to revoke the Magistrate Judge's Order. (Mot. at PageID #235–38, ECF No. 36.) A district court reviews a magistrate judge's detention order "de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Amir*, No. 1:10-CR-439, 2011 WL 2711350, at *3 (N.D. Ohio July 13, 2011) (quoting *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992)). This means "the district court should engage in the same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000). A court may rely on the evidence and offers of proof presented at the original detention hearing before the magistrate

judge, as well as additional evidence and offers of proof at its discretion. *United States v. Zapien*, No. 3:14-CR-37, 2014 WL 1028435, at *2 (M.D. Tenn. Mar. 17, 2014).

After *de novo* review of the Magistrate Judge's detention order, the parties' arguments, and other relevant portions of the record, the court finds that no condition or combination of conditions will reasonably assure the community's safety. First, as he acknowledges in his Motion, Defendant's alleged offenses trigger the presumption of detention under § 3142(e)(3). (*See* Mot. at PageID #235, ECF No. 36 (conceding presumption applies); *see also* Indictment, ECF No. 1.) The court therefore presumes Defendant is a flight risk and a danger to the community. And after weighing Defendant's evidence and arguments, the court finds that Defendant failed to rebut these presumptions. Second, even assuming Defendant rebutted the presumption of detention, the court agrees with Judge Ruiz's determination based on the § 3142(g) factors that no condition or combination of conditions of release can reasonably assure the community's safety or Defendant's presence at trial. The nature of the charges, which involve a dangerous controlled substance and at least one death allegedly caused by its use, support a finding that Defendant presents a danger to the community. Moreover, as the Magistrate Judge noted, Defendant has a history of evading law enforcement, failing to appear at court-ordered proceedings, and failing to adhere to terms of probation or supervised release. (*See* Order at PageID #59, ECF No. 23; *see also* Hr'g Tr. at PageID #81–83, ECF No. 26; Resp. in Opp'n at PageID #252–56, ECF No. 39.) Consequently, the court finds that § 3142(e) requires pretrial detention.

**B.     18 U.S.C. § 3142(i)**

Defendant also argues that the ongoing public health crisis surrounding COVID-19 constitutes an "exceptional circumstance" justifying his release. (Mot. at PageID #239, ECF No. 36.) In support, Defendant's Motion references 18 U.S.C. § 3145(c), which allows courts to release a

defendant "under appropriate conditions" if "there are exceptional reasons why . . . detention would not be appropriate." But § 3145(c) applies to defendants who have been convicted but not yet sentenced. 18 U.S.C. § 3145(c) (allowing courts to release a defendant who is "subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1)"). It therefore does not help Defendant, who maintains his plea of not guilty and awaits trial. Despite Defendant's misplaced reliance on § 3145(c), the court will consider whether release is appropriate under a similar provision, 18 U.S.C. § 3142(i), which applies to defendants awaiting trial.

Pursuant to § 3142(i), a district court can order the temporary release of a defendant awaiting trial "to the extent that the [court] determines such release to be necessary for preparation of the [defendant's] defense or for another compelling reason." Defendants seeking release due to COVID-19 increasingly have turned to this compelling–reason provision for relief. *See United States v. Wilburn*, No. 2:18-CR-115, 2020 WL 1899146, at *3 (W.D. Pa. Apr. 17, 2020) ("[U]ntil the emergence of the coronavirus pandemic, there was relatively little case law on interpreting § 3142(i)'s "compelling reason" prong.") Facing a flood of these motions, many district courts across the country, including several within the Sixth Circuit, have adopted the framework from *United States v. Clark*, No. 19-40068, 2020 WL 1446895 (D. Kan. Mar. 25, 2020), which weighs

> (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*Id.* at *3; *see also, e.g.*, *United States v. Morale*, No. 5:19-CR-741, 2020 WL 1984900, at *2 (N.D. Ohio Apr. 27, 2020) (applying *Clark* factors and denying release); *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2–3 (S.D. Ohio Mar. 30, 2020) (same); *United States v. Brown*,

No. 3:19-CR-131, 2020 WL 1914818, at *3–6 (W.D. Ky. Apr. 20, 2020) (same); *United States v. Knight*, 2020 WL 1676959, at *2, 7, 9, 14 (D. Nev. 2020) (same); *United States v. Hart*, No. 1:19-CR-318, 2020 WL 1814143, at *4 (M.D. Pa. Apr. 9, 2020) (applying *Clark* factors and granting release). In a slightly modified approach, a sister district court in this Circuit instead considered

> (1) the nature, seriousness, and specificity of the defendant's stated COVID-19 concerns (e.g., underlying medical conditions, age, etc.); (2) the conditions in the facility where the defendant is being held (e.g., social distancing measures, screening protocols for new prisoners, the number of prisoners diagnosed with COVID-19, and availability of appropriate medical treatment); (3) whether conditions of release can be imposed to mitigate COVID-19 risks to the defendant and to the community; (4) the original grounds for the defendant's pretrial detention.

*United States v. Sanders*, No. 2:19-CR-20288, 2020 WL 1904815, at *3 (E.D. Mich. Apr. 17, 2020). Although *Sanders* involved a defendant awaiting sentencing who sought release under § 3145(c)'s exceptional–reasons provision, the court noted the similarity to § 3142(i) and drew heavily on the *Clark* framework for guidance. *Id.* at *3 ("The Court nonetheless finds the [*Clark*] factors . . . helpful to assessing whether release is warranted in this case.") Unsurprisingly, then, the *Clark* and *Sanders* approaches overlap significantly. But one key difference is that the *Sanders* approach "explicitly require[s] the [c]ourt to consider the actual conditions in the facility where the defendant is being held." *Id.* at *3. Because the court deems it appropriate to consider on-the-ground conditions in prison facilities during this public health crisis—and given the analytical similarity between "compelling reasons" under § 3142(i) and "exceptional reasons" under § 3145(c)—the court adopts the *Sanders* approach to evaluate Defendant's claim to relief.

However, after applying the *Sanders* factors here, the court finds that release is not appropriate. The first and second factors do not support release because Defendant has not offered any particularized concerns regarding his own health status or the conditions at his facility. The court does not question the seriousness or sincerity of Defendant's concerns, but his generalized fears

regarding the virus—which are equally applicable to all inmates across the country—do not constitute a "compelling reason" for release. Simply put, Defendant has not identified any specific health conditions or heightened risk factors, nor has he provided any information regarding confirmed or suspected cases of COVID-19 at Northeast Ohio Correctional Center ("NEOCC"), where he is being held. To the contrary, the Government's Response cites data from the Ohio Department of Rehabilitation and Correction showing that, as of April 28, 2020, "[n]o inmates have tested positive for COVID-19" at NEOCC and only "[o]ne staff member has tested positive." (Resp. in Opp'n at PageID #257, ECF No. 39.) The third factor does not cut strongly in either direction. Defendant's Motion suggests that he will reside with his mother and sister if released. (Mot. at PageID #325, ECF No. 36.) To the extent Defendant abides by governmental stay-at-home orders and social distancing guidelines, his release to home confinement may not increase the risk of COVID-19 transmission to himself, his family, or the community. But given Defendant's history of noncompliance with court mandates, the court questions whether he would adhere to such restrictions. Moreover, the possibility that Defendant may attempt to travel to other states exacerbates this concern. (*See* Hr'g Tr. at PageID #82–83, 118, 129, ECF No. 26 (discussing Defendant's girlfriend and child residing outside of Ohio); *but see* Mot. at PageID #235, ECF No. 36 (claiming Defendant no longer has a relationship with his ex-girlfriend or child)); *see also Sanders*, 2020 WL 1904815, at \*4 (noting interstate travel "tends to heighten the risk of transmission"). The court also notes the Government's concern that releasing Defendant means increased exposure to COVID-19 for the Probation and Pretrial Services Officers tasked with monitoring Defendant after his release. (Resp. in Opp'n at PageID #261, ECF No. 39.) Finally, as discussed above, the fourth factor counsels strongly in favor of continued detention. Accordingly, after weighing all of these factors, the court finds that there is no "compelling reason" to justify Defendant's release.

### III.  CONCLUSION

Around the country, COVID-19 presents a serious and alarming threat to public health and safety. This threat is especially acute in prisons, where social distancing and other preventative measures may not be possible. The seriousness of this threat and the speed with which this disease spreads demands that the government do everything it can to protect all inmates. That is to say, the court takes seriously Defendant's concerns about COVID-19 and the fast-changing dynamics of the ongoing pandemic. However, the court finds that Defendant's speculation and generalized fears regarding COVID-19 are insufficient to justify his temporary release.

Accordingly, for the foregoing reasons, the court denies Defendant's Motion to Revoke Detention Order (ECF No. 36).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 7, 2020